Amir J. Goldstein, Esq. (CA Bar No. 255620)
Attorney for Plaintiff
5455 Wilshire Boulevard, Suite 914
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

FILED
2009 SEP 21  PM 3: 13
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Eric McKain,

    Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC, D/B/A SUNTRUST
BANK, and DOES 1 through 10,
inclusive,

    Defendants.

CASE NO.:

CV09-06865 SH

COMPLAINT

Plaintiff, by and through his attorneys, Amir J. Goldstein, Esq., as and for his complaint against the Defendants, Portfolio Recovery Associates, et al., alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, together with relevant state laws and claims for intentional infliction of emotional distress and defamation

1

## PARTIES

2. Plaintiff is a natural person residing in Los Angeles, California.

3. Upon information and belief, Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a (6) with its executive office and principal place of business in Norfolk, Virginia.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391 et seq., as the defendant conducts a business, the nature of which subjects the corporation to jurisdiction in this district and the transactions that give rise to this action occurred, in substantial part, in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the Plaintiff from one "Mercedes Benz"

7. That at a time unknown to the Plaintiff herein, the aforementioned debt was referred and or assigned to the Defendant for collection and repossession.

8. On or about the 11nd of September 2009, Defendants agent, one "Rebecca" called the plaintiff leaving him a telephonic message and stating that she was calling from "HSBC" indicating that the plaintiffs' car was being held "illegally" and that he would need to call her back at 1-800-844-3841, a number which directs the consumer to reach the Defendant.

2

9. That again on or about September 13, 2008, Rebecca called the plaintiff again, indicating she would be "reporting" the car, if plaintiff did not contact her by close of business at 4:00pm that day.

10. That again on or about September 15, "Rebecca" left another message for the plaintiff stating that he is "not man enough to stand up to the plate" and instructed that he return her call to 1-800-844-3841, a number when dialed leads to the Defendants offices.

11. That the threatening calls continued on a daily basis from "Rebecca" falsely stating she was from "HSBC" and leaving a return telephone number belonging to the Defendants.

12. That again, on or about September 18, 2008, Defendants agent called the plaintiff stating that "I have your BK [sic] papers in my hand" and further implicating the plaintiff for illegal conduct and threatening "I'm going to call the property manager, see if he knows how to get a hold of you. I'm going to do whatever it takes…" and throughout that day left other messages with third parties and falsely advised the plaintiff that she has a "Court Order."

13. That again, on or about September 19, Rebecca left another message, stating she was from HSBC and indicated that she will "call everybody you have ever worked for, including employers, if I have to. I'm sure you don't want everybody to know that you're a deadbeat. I have a Court Order to pick the Mercedes up.

14. That again, on or about September 22, 2008, "Rebecca" called the plaintiff advising she was from HSBC and again harassed him about "being a man" and instructing him to return her call to the number belonging to the Defendant.

15. That on or about September 23, 2008, Defendants agent, called again representing herself to be from HSBC, and stated, "I spoke to someone that fired you on the Johnny Carson [sic] show one night. I know your daughters name is Jayda, living with your grandmother's sister, one of the Pointer sisters, so I know I'm getting closer to

3

you… I have even spoken with your ex-wife…" and again leaving a return telephone number belonging to the Defendant.

16. That at no time did the Defendant disclose the consumers right to dispute the debt.

17. That upon information and belief, Defendants agent failed to identify itself as a debt collector, but rather, falsely reported to be HSBC bank, a party not involved in this action.

18. That upon information and belief, Defendant is a debt collector and has various divisions within their corporate entity, one of which is responsible for the collection of collateral.

19. That Defendants agent knew or should have known that plaintiff was represented by counsel during the time of their repetitive communications, and/or that plaintiff was in the process of preparing a petition for Bankruptcy, yet persisted with false, misleading and abusive telephone calls to the plaintiff and to the third parties in an effort to defame and humiliate the plaintiff.

20. That Defendants agents conduct is a breach of peace pursuant to local laws, namely, Cal.Code. Sec. 9503 and is therefore also a violation of the FDCPA which prohibits unlawful collection activity.

19. That Defendant's communication are false, misleading, threatening and convey a false sense of urgency and fail to properly convey the consumers rights as per the FDCPA.

20. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (c), (d), (e), (f) and (g) in that communications to the plaintiff by the defendant are false, deceptive, unfair, threatening, and done in furtherance of abusing the plaintiff.

21. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff and all members similarly situated for statutory

4

damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

22. Plaintiff realleges paragraphs 1 through 25 as if fully restated herein.

23. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

24. By their acts and practices as hereinabove described, the Defendants have violated the Rosenthal Act as follows, without limitation:

    a) In failing to inform consumers that the true identity of the Defendants have violated § 788.13(i), which prohibits the false representation of the true nature of the business or services being rendered by the debt collector. Defendants represented themselves as lenders but failed to disclose the material fact that it is acting as a debt collector with respect to the same transaction.

    b) By failing to include certain debt collection notices and disclosures required by law.

    c) By falsely threatening the consumer with legal action that can not legally be taken and/or is not actually intended to be taken.

    d) communicating the plaintiffs personal debt status and information to third parties in an effort to defame and humiliate the plaintiff;

25. Pursuant to § 788.30 of the Rosenthal Act, Plaintiff is entitled to recover her actual damages sustained as a result of the Defendants' violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

26. In addition, because the Defendants' violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to her actual damages, penalties of at least $1,000 per violation as provided for in the Act.

27. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

### AS AND FOR A THIRD CAUSE OF ACTION

28. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

29. Defendants agent published the representations to of plaintiffs "dead beat" status to third parties, including family and friends, as well as business colleagues and employers.

30. That said defamation was willful and with malice.

31. As a result of this conduct, the plaintiff suffered damage by loss of credit; and the mental and emotional pain, anguish, humiliation, and embarrassment and potential loss of future income.

32. The defamation, conduct and actions of Defendants agent were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of plaintiff such as to justify an award of punitive damages against the Defendant in an amount to be determined by the court.

### AS AND FOR A FOURTH CAUSE OF ACTION

33. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

34. That Defendants agents conduct, in their misrepresentations to the consumer, continued harassment, false threats, and communications to third parties, amounts to

extreme and outrageous conduct which caused damage to the plaintiff in the form of emotion distress.

35. That Defendant shall be liable to the plaintiff for the intentional infliction of emotional distress resulting from said conduct in an sum to be determined at trial.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a) Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

(b) Statutory damages and actual damages pursuant to Civil Code §1788.30 et seq., as to the fourth cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code §1788.30, et seq.

(d) For such other and further relief as may be just and proper.

Dated: September 21, 2009                    Amir J. Goldstein, Esq.


_____
Amir J. Goldstein, Esq.
**Attorney for Plaintiff**
5455 Wilshire Boulevard., Suite 914
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

7

Name & Address:
Amir J. Goldstein, Esq. Ca Bar 255620
5455 Wilshire Boulevard, Suite 1812
Los Angeles, California 90036
323.937.0400
866.288.9194 fax

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ERIC MCKAIN | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV09-06865-SH |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, d/b/a SUNTRUST BANK et al., DOES 1 through 10 | SUMMONS |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): Portfolio Recovery Associates, LLC

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Amir J. Goldstein, Esq._, whose address is _5455 Wilshire Blvd., Suite 1812, Los Angeles, CA 90036_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __21 SEP 2009__

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)                                    SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

ERIC MCKAIN

**DEFENDANTS**

PORTFOLIO RECOVERY ASSOCIATES LLC d/b/a SUNTRUST BANK, et al.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

AMIR J. GOLDSTEIN, ESQ
5455 WILSHIRE BLVD #1812
LOS ANGELES CA 90036    323.937.0400

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

VIOLATION of 15 USC 1692 et seq. (FDCPA)

**VII. NATURE OF SUIT** (Place an X in one box only.)

[Nature of suit checkboxes; ☒ 890 Other Statutory Actions marked]

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                CIVIL COVER SHEET                                Page 1 of 2

CV09-06865

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** ___[signature]___   Date 9/21/09

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |